## WAGNER and wife *vs.* BLANCHET and others.

1. Motion to set aside an execution, and open decree and let in two defendants to answer, on the ground of want of legal service of subpœna upon them, and that they have lawful and equitable defences, refused as to one, because the service of subpœna upon her was substantially in accordance with the provision of the statute, and she was duly served with notice of the application for appointment of a guardian *ad litem* for her; it was allowed as to the other, because she had, in fact, no notice of the suit until after the property had been advertised for sale under the execution, in order that she might set up the defence of usury.

2. Stay of sale was discharged, and the proceeds of sale, after paying the principal of the complainant's mortgage (less the alleged premium) and sheriff's execution fees, were ordered to be brought into court, to abide the result of the litigation on the defence of usury.

3. Service of subpœnas upon defendants, by leaving copies of them with defendants' father, at work in a field near the house, on his farm where they lived with him, the defendants being both absent from home, and there being no one at the house on whom they could be served, *held* to be a substantial compliance with the requirements of the statute.

4. Where the trust under which property is held, prohibits the sale or mortgaging of the trust estate by the trustee, except for the benefit of the *cestui que trust,* it is incumbent on a purchaser or mortgagee from the trustee, to look to the application of the purchase or mortgage money.

5. But where the trustee holds the property in trust for his wife and her heirs, the fee of the land is hers in equity, and a conveyance by the trustee and his wife, either absolute or by way of mortgage, is in accordance with the trust, and devolves on the purchaser or mortgagee no obligation to see to the application of the purchase or mortgage money.

Bill to foreclose. Motion to set aside execution for sale of mortgaged premises, and open decree and let in two of the defendants to answer. On petition and depositions.

*Mr. A. W. Bell,* for petitioners.

*Mr. H. C. Pitney,* for complainants.

THE CHANCELLOR.

The petitioners, Josephine Blanchet and Camille A. Blanchet, against both of whom a final decree on default has been regularly entered, ask that that decree be opened as to them, and that the *fieri facias* for the sale of the mortgaged premises, issued thereon, be set aside, and that they may be permitted to answer. The grounds of the application are that the petitioners have lawful and equitable defences, and that although the subpœna to answer, directed to them, was returned by the sheriff of Morris county as having been duly served by him upon them, yet there was, in fact, no lawful service upon them. Josephine, at the time of the com-

mencement of the suit, was more than twenty-one years of age, and Camille was past twenty. Both lived with their father on the mortgaged premises, which are a farm in Morris county, but both were, at the time, temporarily absent from home—the former in New York on a visit, and the latter calling upon a neighbor. The sheriff went to the house to serve the subpœna. He found nobody there except some children. Among them was one of the defendants', a boy, on whom he then and there served the process. The lad, in answer to his inquiries, directed him to a meadow near by, where his father and his brother, who were both defendants in the subpœna, were at work. He went there and served the subpœna upon them, and on his inquiring of the father for Josephine and Camille, was told by him that neither of them was at home; that the former was in New York on a visit, and the latter was temporarily absent from the house, and was somewhere in the neighborhood, he could not say where. He further said that there was no one on whom the subpœna, as to them, could be served at the house, and told the sheriff to leave the copies intended for them, with him, and said that " it would be the same thing," and that he would hand them to the girls when they came home. The sheriff left the copies with him accordingly, and returned to the house, where he had left his horse and wagon. Neither of the young ladies was at the house when he returned, and he did nothing further by way of service on them. Camille subsequently saw the copy of the subpœna which had been served on her brother, at the house, in his hands, and notice of application for the appointment of a guardian *ad litem* for her was duly served on her. Josephine swears that she had no notice of the suit until after the property had been advertised for sale under the execution.

The service of the subpœna, as to both of them, was substantially in accordance with the provision of the statute. The petitioners allege that they have legal and equitable defences, which, seeing that the decree is a surprise upon them, they ought to be permitted to set up. Those defences are

that the mortgaged premises were, when the mortgage in suit was given, held in trust by their father for their mother, on whose death they descended to them, and that the mortgagee knew of the existence of the trust; and they further allege that the debt which the mortgage was given to secure, was wholly, or to a very great extent, the individual debt of their father, the trustee, and that the mortgage was usurious. The mortgaged premises were held by their father in trust. According to the deeds of conveyance therefor to him, in which the trust is declared, they were held by him upon the trust and confidence that he would hold them to and for the use and benefit of his wife, her heirs and assigns, forever; and upon the further trust and confidence that he should have full power and authority to sell and convey the whole or any part of the premises whenever he should deem it for the benefit of his wife and her heirs, and that he might raise money upon them and secure the payment thereof by mortgaging them, provided that the money arising from such sales or borrowed on mortgage should be for the use of his wife and her heirs. The mortgage in suit was not made by the trustee as such, but was executed by him and his wife to secure the payment of their bond. The trust prohibited the sale or mortgaging of the trust estate by the trustee, except for the benefit of his wife and her heirs, and made it incumbent on the purchaser or mortgagee, in such case, to look to the application of the purchase or mortgage money. But the trustee held the property in trust for the use and benefit of his wife and her heirs; the fee of the land was, therefore, hers in equity, and a conveyance by him and her, whether absolute or by way of mortgage, would not be in contravention of, but in accordance with, the trust, and would devolve on the purchaser or mortgagee no obligation to see to the application of the purchase or mortgage money. The mortgage in suit is not subject to any defence arising out of the trust. But I am by no means satisfied that there was not usury in the debt which the mortgage was made to secure, and I, therefore, deem it proper to afford the petitioner

·Josephine an opportunity to set up that defence. The proceedings under the execution, however, ought not to be delayed. The stay ordered on granting the order to show cause, will be discharged, but the proceeds of sale, after paying to the complainants the amount due on the mortgage for principal, after deducting the amount of the alleged premium, and to the sheriff his execution fees, will be brought into court and deposited with the clerk, to abide the result of the litigation on the defence of usury. Josephine will be let in to set up this defence. The petition will be dismissed as to Camille. No costs will be awarded on this application.